UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIAN
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ELIJAH NEAL, | § § § | |
| Petitioner, | § § | CIVIL ACTION NO. 2:23cv-00853-JDC-KK |
| vs. | § § § § | |
| WARDEN MARTINEZ, | § § § | |
| Respondent, | § | |

**RESPONDENT'S RESPONSE TO PETITIONER'S
REPLY AND MOTION FOR SUMMARY JUDGMENT**

COMES NOW Respondent, Warden Martinez, by Brandon Brown, United States Attorney for the Western District of Louisiana, and through Shannon Brown, Assistant United States Attorney for the Western District of Louisiana, and files this response to Petitioner's Motion for Summary Judgment.

**BACKGROUND**

Petitioner filed his petition for *writ of habeas corpus* on June 23, 2023, claiming the BOP has erred in not allowing him to earn or apply First Step Act (FSA) credits towards early release from his sentence. (Doc. No. 1). On October 20, 2023, Respondent filed a return/answer explaining Bureau of Prisons' (BOP) policy states inmates who are serving a District of Columbia Code (DC Code) offense were not eligible to earn and apply FSA time credits. (Doc. No. 7). On November 15, 2023, Petitioner filed a Reply to Respondent's Response, where he claims he is not serving a DC Code offense. (Doc. No. 11). Then, on November 27, 2023, Petitioner filed a motion for summary judgment arguing the District of Columbia Council (DC Council) has stated DC Code offenders in BOP facilities can be eligible to partake in the benefits of the FSA, including time credits. (Doc. No. 12).

For the reasons set forth below, this Court should deny Petitioner's motion for summary judgment and dismiss Petitioner's petition for *writ of habeas corpus*.

## LAW AND ARGUMENT

<u>Petitioner's Sentence Origin and Calculation</u>

Petitioner argues in his reply that the BOP incorrectly classifies him as serving a sentence for a DC Code. (Doc. No. 11, p. 1). Specifically, Petitioner asserts he has completed service of his DC Code offense and is instead serving a term of confinement out of the federal district of Maryland, only. (*Id*.)

According to staff at the BOP's Designation and Sentence Computation Center (DSCC), Neal is still serving a DC Code term of confinement. As laid out in the declaration of DSCC Management Analyst, Juanetta Hayes, Petitioner is correct to the extent that he says he was sentenced in the District of Maryland. Exhibit A - Declaration of Juanetta Hayes, ¶¶ 4, 6. While he is serving a sentence stemming from the United States District Court in Maryland, he is also serving a term of confinement in a BOP facility arising out of a DC Code offense. *Id*., ¶¶ 4, 6, 9-10. "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Given Neal's multiple terms of confinement imposed pursuant to sentences under the DC Code, as well as term imposed from the District of Maryland, his undischarged terms are treated as one aggregate term. See generally, Atch. 1. As shown in Respondent's Return/Answer, inmates who are serving a term for a DC Code offense are not eligible to earn and apply FSA time credits. (Doc. No. 7, pp. 3-4). Since Petitioner is serving an aggregate term that includes a DC Code offense, he is not entitled to the relief he seeks with this petition. Therefore, the petition should be denied.

<u>First Step Act and DC Code Offenders</u>

Petitioner's new challenge as set forth in his motion for summary judgment is not yet ripe and should be dismissed. Specifically, Petitioner notes in his motion for summary judgment that the BOP has erred in not allowing his eligibility for FSA time credits because, he argues, the District of Columbia has passed a statute allowing DC Code offenders in the BOP to be eligible

2

for FSA time credits, so long as their convictions is not for an analogous ineligible federal offense. (Doc. No. 12, p. 1). Again, Petitioner is correct that the DC Council has spoken about the interaction of the FSA to DC Code offenders who are confined in BOP facilities.

Deputy Case Management Coordinator for the BOP, Ashley White, notes that the BOP is aware of this statute passed by the DC Council, and that the council noted the same criteria the BOP uses for federal inmates for determining eligibility would be followed, as well as the same determination of the amount of time earned, etc. Exhibit B – Supplemental Declaration of Ashley White, ¶ 6. In response to this statutory change, the BOP requested clarification from the DC Council concerning the structure and detail of the offenses it intended to apply FSA eligibility. *Id*. The BOP issued an addendum to all facilities' Admission and Orientation handbooks on and after November 7, 2023, which notified the inmate population of the DC Council's passage of the statute, and that when more information from the DC Council becomes available concerning eligibility criteria, the BOP will distribute it. *Id*. As such, Petitioner's claim is not yet ripe for consideration. Consequently, the court lacks jurisdiction to review the challenge to the BOP's decision that Petitioner is not currently eligible for FSA, and the petition should be denied or dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss or deny this petition and deny Petitioner's Motion for Summary Judgment. Respectfully submitted this 21st day of December 2023.

                                      BRANDON B. BROWN
                                      United States Attorney

By:   *s/ Shannon T. Brown*
        SHANNON T. BROWN (#32366)
        Assistant United States Attorney
        300 Fannin Street, Suite 3201
        Shreveport, LA 71101
        Telephone:  (318) 676-3600
        Facsimile:   (318) 676-3642
        Email:        shannon.brown@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 21, 2023, a copy of the foregoing Respondent's Return were filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

> Elijah Neal
> 25100-016
> F C I - Oakdale II
> P O Box 5010
> Oakdale, LA 71463
> PRO SE

*s/ Shannon T. Brown*
SHANNON T. BROWN (#32366)
Assistant United States Attorney