UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ELIJAH NEAL**                          **DOCKET NO. 23-cv-00853**
    **REG. # 25100-016**                        **SECTION P**

**VERSUS**                                   **JUDGE JAMES D. CAIN, JR.**

**WARDEN MARTINEZ**                 **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Elijah Neal on June 23, 2023. Doc. 1. Neal is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). The Respondent filed his response on October 20, 2023 (doc. 7). The petitioner filed a reply on November 15, 2023 (doc. 11). The matter is now ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

On June 7, 2011, Neal was sentenced in Maryland District Court to a term of 235 months in prison for violation of 18 U.S.C. § 2113. Doc. 1, att. 2, p. 1. The term of imprisonment was ordered to run consecutive to his prior conviction in the District of Columbia for a supervised release violation and a violation of D.C. Code 22-4503, possession of a firearm by a prohibited person. *Id*. His Projected Release Date ("PRD"), accounting for all earned and projected Good Conduct Time ("GCT"), is October 31, 2027. Doc. 7, att. 1, p. 5.

Neal filed the instant petition for writ of habeas corpus, asserting that he is being denied earned time credits due to his conviction for a D.C. Code offense.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court, however, may order a term of

imprisonment to run concurrently or consecutively with an anticipated but not yet imposed state sentence. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000).

## C. First Step Act

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194 ("FSA"), was enacted into law on December 21, 2018. The directive required the BOP to take specific actions regarding inmate programming which, if completed, could potentially be used to earn time off an inmate's sentence. *See generally id*.

In the FSA, Congress included incentives to encourage inmate participation in assigned evidence-based recidivism reduction ("EBRR") programs and productive activities. Most relevant in this case, Congress provided for earned time credit ("ETC") to be applied to an inmate's sentence:

> (A) In general.--A prisoner, **except for an ineligible prisoner under subparagraph (D)**, who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
>> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>>
>> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4); *see also* 28 C.F.R. § 523.42(c) (emphasis added).

There are certain limitations on the earning of FSA ETC. First, inmates may not earn ETC for EBRR programs they successfully completed before enactment of the FSA or prior to the commencement of their sentence. 18 U.S.C. § 3632(d)(4)(B). Moreover, Congress precluded

inmates from earning time credits if they were serving sentences for one of many enumerated crimes. See 18 U.S.C. § 3632(d)(4)(D).

On November 18, 2022, the BOP published BOP Program Statement 5410.01, <u>First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)</u>.[1] The BOP pointed out in its policy that:

> "Inmates sentenced under the Code of District of Columbia (DC Code) cannot earn FTCs unless or until the DC Council defines eligibility to earn FTCs (i.e., which DC Code offenses, if any, preclude eligibility). If and when the earning of FTCs is authorized for inmates sentenced under DC Code, the unit team will review inmates for eligibility and enter the applicable eligibility assignment into SENTRY. Any retroactive application of FTCs will be made consistent with the authorities granted under DC Code."

Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), p. 6.

### D. *Application to Neal's Petition*

Petitioner disputes the agency's decision that he is ineligible to earn or apply FSA Time Credits. Following the creation of the National Capital Revitalization and Self-Government Improvement Act of 1997, all District of Columbia felony offenders were transferred to the responsibility of imprisonment to the BOP. *See* National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, tit. XI, subtit. C, 111 Stat. 712, 734 ("D.C. Revitalization Act") (codified at D.C. CODE § 24-101). This act did not change the authority under which those offenders were sentenced.

After the agency's implementation of the FSA, it input all inmates' sentences for an initial determination of FSA eligibility. *Id.* The Respondent sets forth in his response to the instant petition that in accordance with the agency's policy statement, Petitioner was deemed ineligible to

---

[1] *See* BOP Program Statement 5410.01, <u>First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)</u>, a copy of which is available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.

earn or apply FSA Time Credits when his sentence was entered for FSA calculation. *Id*. Petitioner's sentence last underwent an FSA Time Credit Assessment on October 5, 2023. *Id*. Review of that FSA Time Credit Assessment indicates he was determined ineligible to earn or apply FSA Time Credits. *Id*.

The Court agrees with the Respondent's contention that the agency's approach to District of Columbia offenders is appropriate as it relates to the FSA Time Credit eligibility. The BOP simply implements the sentence imposed and does not credit a District of Columbia inmate's sentence for time not prescribed by that jurisdiction.

As noted by the Respondent, the Petitioner will continue to undergo routine FSA Time Credit Assessments, at which time any change to the agency's implementation of the First Step Act as it relates to D.C. Code offenders will be considered.

## III.
### CONCLUSION

Because Petitioner is not entitled to earn and apply First Step Act Time Credits against his federal sentence at this time,

**IT IS RECOMMENDED** that the petition should be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's pending Motion for Summary Judgment (doc. 12) be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      **THUS DONE AND SIGNED** in chambers this 11th day of September, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE